Joseph N. Casas, JD, MBA
C.E.O. & Chief Litigator ± ⊓
± Admitted to practice in California
⊓ Illinois, Military Courts
Various Federal District Courts

John V. Golaszewski, JD
Partner, *Licensed in New York*

Ludmila Khomiak, JD
Partner, *Licensed in Florida*

Monica Padilla, JD
Partner, *Licensed in California*

Teresa Huddleston-Bohne, JD
Of Counsel, *Licensed in Texas*



**Dennis C. Postiglione, JD**
**Partner** ±
± Admitted to practice in Texas
Various Federal District Courts

3801 N. Capital of Texas Highway
Suite E240, #445
Austin, Texas 78746

Phone: 512.806.7699
Fax: 855.220.9626

www.talentrights.law

October 11, 2022

**<u>VIA ECF</u>**
Hon. Edgardo Ramos
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re:     *McCollum v. Baldwin*, No. 1:22-cv-07328

Honorable Judge Ramos:

      This letter is in response to Defendant Alec Baldwin's request for a pre-motion conference under this Court's Individual Practices 2.A.ii. regarding Mr. Baldwin's intention to file a Rule 12(b)(6) motion. I am writing the Court as counsel for Plaintiffs.

      It is undeniable that Defendant Baldwin uses his social media accounts to "regularly post[] videos and pictures featuring his political opinions," as well as to identify and "support various causes[.]" (Compl. ¶ 14.) In fact, in the beginning of his relationship to Plaintiffs, Defendant Baldwin became aware of Plaintiffs' loss of their husband and brother, Lance Corporal Rylee McCollum, through social media. (*Id.* ¶ 20, Ex. A at 4.) Baldwin said that he wished to pay tribute to a fallen Marine, LCPL Rylee J. McCollum, (*Id.* ¶ 20, Ex. A at 4.) Mr. Baldwin approached Plaintiffs via his Instagram account to coordinate a $5,000 donation. (Id. ¶ 20, Ex. A at 4.)

      In early January 2022, Roice posted a photograph of demonstrators on January 6, 2021, near the Washington Monument to her Instagram account. (*Id.* ¶¶ 18, 19, Ex. A at 2.) Contrary to Baldwin's assertion in his letter to tis Court, the image was not of Roice McCollum nor did it depict the "insurrection." Regardless, Baldwin, triggered by this photo, contacted Roice McCollum. (*Id*. ¶ 20, Ex. A at 2.) After a denial by Roice, Baldwin re-posted Roice's post on his Instagram feed inaccurately labelling her an "insurrectionist" to his 2.4 million followers ironically wishing her "GOOD LUCK." (*Id.* ¶ 27, Ex. A at 4.) Plaintiffs almost immediately received hateful messages from third parties who saw Baldwin's repost. (*Id.* ¶¶ 30, 32, 36-37, 40.) It is no secret that Mr. Baldwin has a well-documented history of this despicable behavior over the course of decades. Plaintiffs sued him under defamation and negligence theories of liability and are seeking actual and punitive damages in hopes of repairing their lives and preventing Baldwin's next inevitable outburst from affecting a family like theirs.

October 11, 2022
Response to Baldwin Letter

## Argument

To state a claim of defamation, a plaintiff must allege "a defamatory statement of fact" that is "false," "published to a third party," that "concern[s] the plaintiff," and "either caus[es] special harm or constitute[s] [defamation] per se." *Travelex Currency Servs. v. Puente Enters.*, 2019 U.S. Dist. LEXIS 45001, at *21 (S.D.N.Y. Mar. 19, 2019). Plaintiffs meet the requirements to plead ordinary defamation. Plaintiffs Jiennah and Cheyenne are identified in Baldwin's Instagram posts and it is evident that his followers believed it. For example:

**BALDWIN: @ex********** but I didn't say that. I gratefully supported the gofundme campaign while simultaneously not knowing *the woman I approached* [JIENNAH MCOLLUM] is an insurrectionist. I think that's…remarkable.**

(Compl., Exhibit A, p. 8) (Emphasis added).

<u>*Your activities*</u> **resulted in the unlawful destruction of government property, the death of a law enforcement officer, an assault on the certification of the presidential election.** <u>**I reposted your photo. Good luck.**</u>

(Compl., <u>Exhibit A</u>, p. 2)(emphasis added).

Moreover, while it is true that the Complaint refers to Baldwin's private messages with Roice. (Compl. ¶¶ 20-22, 26, 28, Ex. A at 3.) it is clear that Baldwin's reposting included that feed which amounted to "published assertions." *Sandals Resorts Intl. Ltd. v Google, Inc.*, 86 A.D.3d 32, 38 (1st Dep't 2011). Plaintiffs have alleged special damages stemming from Baldwin's conduct. (Compl., ¶¶ 3, 41, 46-48, 60, 67, 77-79, 91, 98, 108, 109, 123, 129, 137). In addition, Plaintiffs have also alleged that they have been injured in their "trades, businesses, and professions" as a result of Baldwin's conduct. (*Id.* at ¶ 122). The pleadings meet the liberal standard to state a claim for relief under the Federal Rules. (See FED. R. CIV. P. 8, 12).

**Defamation per se**

Defamation per se "charg[es] an individual with a serious crime"; "tends to injure another in his trade, business, or profession; or imputes "a loathsome disease" or "unchastity." *Travelex*, 2019 U.S. Dist. LEXIS 45001, at *22. Baldwin's use of the word "insurrectionist" unequivocally imputes an "indictable offense." *Privitera v. Phelps*, 79 A.D.2d 1, 3 (4th Dep't. 1981). Specifically, participation in a rebellion and uprising against the United States Government. (Compl. ¶¶ 49, 78 , 107; Compl., Exhibit A, p. 8). This offense under 18 U.S. Code § 2383 carries a fine, prison sentence of not more than 10 years, or both, and precludes any person guilty of the offense from holding any office under the United States. Plaintiffs also alleged that Baldwin's publication would tend to injure them in their trades, businesses, and professions. *(Id.* at ¶ 113). Plaintiffs have satisfied their pleading burden and dismissal is improper.

October 11, 2022
Response to Baldwin Letter

**Plaintiffs properly plead defamation by implication.**

While the law provides "absolute protection of opinions," *Celle v. Filipino Reporter Enters.*, 209 F.3d 163, 178 (2d Cir. 2000), the statements by Baldwin were not a matter of opinion. Baldwin's statements explicity and falsely state that Plaintiffs' conduct resulted in the destruction of government property and the death of an officer and, as such are defamatory. *Restis v. Am. Coal. Against Nuclear Iran, Inc.*, 53 F. Supp. 3d 705, 720 (S.D.N.Y. 2014) (Ramos, J.).  Plaintiffs submit that "any reasonable reader" on social media would and did in fact think that Baldwin's "generalized refence" to the insurrection was a "factual accusation of criminal conduct." *Konig*, 112 A.D.3d at 937. A review of the Exhibit A to the Complaint confirms this. (Compl. Exhibit A, 1-22).

**Failure to State Any Negligence Claims.**

"Under New York law," any tort sounding in negligence requires "a breach of duty," proximate cause "between the conduct and the injury," and, in the case of negligent infliction of emotional distress, "severe emotional distress." Francis v. Kings Park Manor, Inc., 2015 U.S. Dist. LEXIS 31787, at *13 (E.D.N.Y. Mar. 16, 2015). Plaintiffs allege that Baldwin had a duty Plaintiffs. (Compl. ¶¶ 56, 85. 116).  Plaintiffs allege it was Baldwin's breach in addition  to the fact that third parties reacted to Baldwin's statements in an offensive manner.  This is not a bystander case*." Kennedy v. McKesson Co.*, 58 N.Y.2d 500, 506 (1983).

**Plaintiffs Failure to State a Claim for Intentional Infliction.**

Baldwin has a long and colorful history threatening people via his social media accounts.  Moreover, he and his wife have been victims of identical conduct. (Compl. ¶¶ 23-25).  Plaintiffs plead that Baldwin's prior knowledge of the social media mob, its effect on his family in the past, and the fact that he ended his reposting of his allegations with "Good luck" all amount to knowledge and intent as to what would and did occur.  Namely, a vicious, sustained, and hateful attack on a family mourning the violent loss of their brother, husband, and the father of a little girl who would never be held by her father.  (Compl. ¶¶ 62-71; 96-100; 127-131).

In sum, Plaintiffs suffered an immeasurable loss when Lance Corporal Rylee McCollum was killed in Afghanistan.  Mr. Baldwin attacked this family when he determined on his own terms to accuse the family of a fallen Marine of attempting to overthrow the United States Government resulting in the death of an officer.  Mr. Baldwin is a serial offender who now attempts to disingenuously hide behind his behavior as free speech; the same right he could not bear to afford to the McCollum Family.  This case should not be dismissed.

Sincerely,

*/s/Dennis Postiglione*
Dennis Postiglione (*admitted PHV*)
Attorney for the McCollum Family