United States District Court
Southern District of New York

| | |
|---|---|
| Jiennah McCollum, Roice Joleen McCollum, and Cheyenne McCollum,<br><br>Plaintiffs,<br><br>v.<br><br>Alec Baldwin,<br><br>Defendant. | Case No. 1:22-cv-7328 |

# Reply in Further Support of Defendant Alexander R. Baldwin III's Motion to Dismiss Plaintiffs' Amended Complaint

Dated: January 4, 2023

Quinn Emanuel Urquhart & Sullivan, LLP

Luke Nikas
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
lukenikas@quinnemanuel.com

*Attorneys for Defendant Alexander R. Baldwin III*

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ................................................................................................................ ii
PRELIMINARY STATEMENT .............................................................................................................1
ARGUMENT .....................................................................................................................................2
I.    PLAINTIFFS APPLY THE WRONG STANDARD ........................................................................2
II.   PLAINTIFFS FAIL TO STATE CLAIMS FOR DEFAMATION ......................................................2
      A.    Private Messages Are Not Actionable, And Plaintiffs' Exhibit Directly Contradicts Their Assertion that the Private Messages Were Published .................2
      B.    Plaintiffs Do Not Plead Defamation Per Se ...............................................................3
      C.    Plaintiffs Concede They Do Not Plead Defamation With Special Damages ..........6
      D.    Plaintiffs Do Not Plead Defamation By Implication ................................................7
      E.    Plaintiffs' Defamation Claims Fail For Several Other Independent Reasons ..................................................................................................................................8
III.  PLAINTIFFS FAIL TO STATE CLAIMS FOR NEGLIGENCE AND GROSS NEGLIGENCE ................8
IV.  PLAINTIFFS FAIL TO STATE CLAIMS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ................................................................................................................................9
V.   PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE ..................................10
CONCLUSION ................................................................................................................................10

**TABLE OF AUTHORITIES**

*Page(s)*

*Cases*

*Anson v. United States*,
  294 F. Supp. 3d 144 (W.D.N.Y. 2018) ............................................................................... 9

*Anyanwu v. Columbia Broad. Sys., Inc.*,
  887 F. Supp. 690 (S.D.N.Y. 1995) ..................................................................................... 10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................................... 2, 4

*Biro v. Condé Nast*,
  807 F.3d 541 (2d Cir. 2015) ............................................................................................... 8

*Blair v. Inside Ed. Prods.*,
  7 F. Supp. 3d 348 (S.D.N.Y. 2014) .................................................................................... 5

*Brian v. Richardson*,
  87 N.Y.2d 46 (1995) ...................................................................................................... 4, 8

*Bryant v. State*,
  23 A.D.3d 592 (2d Dep't 2005); ........................................................................................ 9

*Carroll ex rel Pfizer, Inc. v. McKinnell*,
  859 N.Y.S.2d 901 (N.Y. Sup. Ct. 2008). ........................................................................... 10

*Chinese Americans C.R. Coal., Inc. v. Trump*,
  2022 WL 1443387 (S.D.N.Y. May 6, 2022) ..................................................................... 10

*Finkelstein v. Wachtel*,
  2003 WL 1918309 (S.D.N.Y. Apr. 21, 2003) ..................................................................... 6

*Ganske v. Mensch*,
  2020 WL 4890423 (S.D.N.Y. Aug. 20, 2020) .................................................................... 3

*Gen. Star Indem. Co. v. Driven Sports, Inc.*,
  80 F. Supp. 3d 442 (E.D.N.Y. 2015) .................................................................................. 2

*Green v. Hinds*,
  2019 WL 624929 (E.D.N.Y. Feb. 14, 2019) ....................................................................... 9

*Gurtler v. Union Parts Mfg. Co.*,
  285 A.D. 643 (1st Dep't 1955) ........................................................................................... 5

*Heard v. City of New York*,
   82 N.Y.2d 66 (1993) .................................................................................................... 9

*Hengjun Chao v. Mount Sinai Hosp.*,
   476 F. App'x 892 (2d Cir. 2012) ................................................................................. 9

*Henry v. Fox News Network LLC*,
   2022 WL 4356730 (S.D.N.Y. Sept. 20, 2022) ............................................................ 7

*Hirsch v. Arthur Andersen & Co.*,
   72 F.3d 1085 (2d Cir.1995) ......................................................................................... 5

*Immuno AG v. Moor-Jankowski*,
   77 N.Y.2d 235 (1991) .................................................................................................. 4

*In re Bristol-Myers Squibb Sec. Litig.*,
   312 F. Supp. 2d 549 (S.D.N.Y. 2004) ......................................................................... 5

*In re Merrill Lynch & Co.*,
   289 F.Supp.2d 416 (S.D.N.Y. 2003) ...................................................................... 2, 5

*Jacob v. Lorenz*,
   2022 WL 4096701 (S.D.N.Y. Sept. 7, 2022) ............................................................. 2

*Jacobus v. Trump*,
   51 N.Y.S.3d 330 (2017) .............................................................................................. 4

*Kennedy v. McKesson Co.*,
   58 N.Y.2d 500 (1983). ................................................................................................ 9

*Kloner v. United States*,
   196 F. Supp. 3d 375 (E.D.N.Y. 2016) ........................................................................ 9

*Konig v WordPress.com*,
   112 A.D.3d 936 (2d Dep't 2013) ................................................................................ 8

*Krepps v. Reiner*,
   588 F. Supp. 2d 471 (S.D.N.Y. 2008), *aff'd*, 377 F. App'x 65 (2d Cir. 2010) ........... 4

*Krzesaj v. Henry*,
   2017 U.S. Dist. LEXIS 37543 (S.D.N.Y. Mar. 15, 2017) .......................................... 6

*Nyitray v. Johnson*,
   1998 WL 67651 (S.D.N.Y. Feb. 19, 1998) ................................................................ 7

*Perez v. Int'l Bhd. of Teamsters, AFL-CIO*,
   2002 WL 31027580 (S.D.N.Y. Sept. 11, 2002) .................................................. 8, 10

*Privitera v. Phelps*,
 79 A.D.2d 1 (4th Dep't 1981) ................................................................................................ 5

*Rapoport v. Asia Elecs. Holding Co.*,
 88 F. Supp. 2d 179 (S.D.N.Y. 2000) ...................................................................................... 3

*Ratajack v. Brewster Fire Dep't, Inc. of the Brewster-Se. Joint Fire Dist.*,
 178 F. Supp. 3d 118 (S.D.N.Y. 2016) .................................................................................... 5

*Reid v. Time Warner Cable*,
 2016 WL 743394 (E.D.N.Y. Feb. 22, 2016) .......................................................................... 2

*Silverman v. Daily News, L.P.*,
 129 A.D.3d 1054 (2d Dep't 2015) ......................................................................................... 5

*Snyder v. Phelps*,
 562 U.S. 443 (2011) ............................................................................................................. 10

*Steinhilber v. Alphonse*,
 68 N.Y.2d 283 (1986) ............................................................................................................ 4

*Thai v. Cayre Grp., Ltd.*,
 726 F. Supp. 2d 323 (S.D.N.Y. 2010) ................................................................................ 6, 9

*Tongue v. Sanofi*,
 816 F.3d 199 (2d Cir. 2016) ................................................................................................... 3

*W. Bulk Carriers KS v. Centauri Shipping Ltd.*,
 2013 WL 1385212 (S.D.N.Y. Mar. 11, 2013) ............................................................. 6, 8, 10

Defendant Alexander R. Baldwin III submits this reply in further support of his motion to dismiss all causes of action in Plaintiffs Jiennah McCollum, Roice Joleen McCollum, and Cheyenne McCollum's First Amended Complaint.

**PRELIMINARY STATEMENT**

Baldwin moved to dismiss on numerous grounds—citing Supreme Court, Second Circuit, and New York precedents. In response, Plaintiffs did not distinguish those authorities and instead chose a different path: misdirection. They say they have satisfied the New York standard for defamation, but cite cases from D.C., Florida, and the Seventh Circuit. They say Baldwin committed multiple torts, but they only point to the alleged defamation. They say they are merely private citizens, but they invite controversy and public attention by going on Fox News. They say Baldwin made statements about Roice, but they only reference statements made by third parties. They say Baldwin published his private conversation with Roice, but they attach exhibits that disprove their assertion. They say Baldwin is "incredibly wealthy" and "increadibly famous," but they don't explain why these things matter. They say that a layperson's use of the word "insurrection" implies a crime, but they ignore that the dictionary indicates otherwise and that numerous cases have granted motions to dismiss in substantially similar circumstances. The list goes on. These tactics cannot sustain Plaintiffs' case.

Plaintiffs' claims fail as a matter of law. The bottom line is that Baldwin expressed his protected political opinion about the events of January 6. While Plaintiffs try hard to make this case about something else—rich versus poor, celebrities versus "most Americans," red states versus blue states—it's not. This case is about freedom of speech, which protects *all* Americans regardless of political affiliation, fame, or wealth. The Court should dismiss the complaint, with prejudice. Any other result would violate the U.S. Constitution and binding U.S. Supreme Court, Second Circuit, and New York law.

## ARGUMENT

### I. PLAINTIFFS APPLY THE WRONG STANDARD

Plaintiffs argue the complaint should survive because it "allow[s] Defendant to intelligibly answer" and because Baldwin "can absolutely respond to the Plaintiffs' allegations." (Opp. ¶ 4.) But the fact that a complaint can be understood has no bearing on whether it states a cause of action. The actual standard that governs this motion, which Plaintiffs ignore, requires them to "allege sufficient facts to show more than a sheer possibility that a defendant has acted unlawfully," and "[i]f the plaintiff has not nudged [their] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Jacob v. Lorenz*, 2022 WL 4096701, at *5 (S.D.N.Y. Sept. 7, 2022) (Ramos, J.) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiffs have failed to meet this standard.[1]

### II. PLAINTIFFS FAIL TO STATE CLAIMS FOR DEFAMATION

#### A. Private Messages Are Not Actionable, and Plaintiffs' Exhibit Directly Contradicts Their Assertion that the Private Messages Were Published

Plaintiffs' complaint hinges on the incorrect assertion that Baldwin published his private conversation with Roice. In support of that mistaken proposition, Plaintiffs cite 20-pages of exhibits attached to their complaint. (Opp. ¶ 10.) But nowhere do the exhibits show Baldwin publishing private messages. To the contrary, they show the *opposite*—that Baldwin's private

---

[1] Plaintiffs also argue that the Court cannot consider dictionary definitions or information that is not "contained within the four corners of the complaint." (Opp. ¶ 13.) But courts routinely consider dictionary definitions when the meaning of words is at issue. *See, e.g.*, *Reid v. Time Warner Cable*, 2016 WL 743394, at *2 n.4 (E.D.N.Y. Feb. 22, 2016) (taking notice of the "medical dictionary definition of 'alveoloplasty'" under Fed. R. Evid. 201); *Gen. Star Indem. Co. v. Driven Sports, Inc.*, 80 F. Supp. 3d 442, 446 n.1 (E.D.N.Y. 2015) (taking notice of dictionary definitions submitted by defendant). In addition, contrary to Plaintiffs' contention that Baldwin is attempting to apply a summary judgment standard (Opp. ¶¶ 2, 16, 23), the Court may consider judicially noticable materials "without transforming the motion into one for summary judgement." *In re Merrill Lynch & Co.*, 289 F.Supp.2d 416, 425 n. 15 (S.D.N.Y. 2003).

2

messages to Roice were not made public. (*See* Am. Compl., Ex. A.) That dooms Plaintiffs' claims.

Baldwin did not publish a statement saying that Roice's "'activities' 'resulted' in the 'unlawful destruction of government property' and 'the death of a law enforcement officer.'" (Opp. ¶ 9.) Rather, Baldwin's only references to Plaintiffs in his re-post of Roice's January 6 photograph are as follows: "I read in The Times, I believe, the story about the soldiers that died at the Kabul airport. I did some research. I found, on IG [Instagram], that this woman is the [sister] of one of the men who was killed. I offered to send her sister-in-law some $ as a tribute to her late brother, his widow and their child. Which I did. As a tribute to a fallen soldier. Then I find this. Truth is stranger than fiction." (Am. Compl. ¶ 29, Ex. A at 3.) Baldwin's post did not contain the parties' private exchange, and Plaintiffs do not allege this post was defamatory.

When "documents contradict the allegations of the amended complaint, the documents control and this Court need not accept as true the allegations in the amended complaint." *Rapoport v. Asia Elecs. Holding Co.*, 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000); *Tongue v. Sanofi*, 816 F.3d 199, 206 (2d Cir. 2016) (same). That is the case here: the documents Plaintiffs incorporated into the complaint demonstrate that Baldwin and Roice's private messages were not published—they were sent through the private, direct message feature of Instagram, were not reposted in the exhibits Plaintiffs attach to the complaint (which they allege is the universe of relevant statements), and therefore cannot be the basis of a defamation claim. Accordingly, all claims based on those private messages should be dismissed. *See, e.g.*, *Ganske v. Mensch*, 2020 WL 4890423 (S.D.N.Y. Aug. 20, 2020) (publication to third party is required to sustain defamation claim).

### B. Plaintiffs Do Not Plead Defamation Per Se

Plaintiffs argue that they plead defamation per se because they allege Baldwin accused

them of a criminal "offense under 18 U.S. Code § 2383."[2] (Opp. ¶¶ 5, 7, 14.) Plaintiffs are wrong.

On a motion to dismiss, the Court reviews the published words "in context to test their effect on the average reader" and does not "isolate particular phrases" or assume the characterization Plaintiffs give the words, "but [considers] the publication as a whole." *Immuno AG v. Moor-Jankowski*, 77 N.Y.2d 235, 250 (1991); *see also Steinhilber v. Alphonse*, 68 N.Y.2d 283, 290 (1986) (noting the "essential task" is to consider the words in the context of the entire communication and of the circumstances in which they were written); *Brian v. Richardson*, 87 N.Y.2d 46, 51 (1995) (courts should not "[sift] through a communication" to pick out assertions of fact, but should instead look to the overall context). "[T]hat some readers may infer a defamatory meaning from a statement does not necessarily render the inference reasonable under the circumstances." *Jacobus v. Trump*, 51 N.Y.S.3d 330, 336 (2017) (collecting cases). And "[w]hether particular words are defamatory constitutes a legal question to be resolved by the court in the first instance." *Id.* at 335 (quotation omitted).

Plaintiffs' own allegations and exhibits demonstrate that Baldwin did not accuse them of committing a crime. (*See* Mot. at 9-13.[3]) As discussed in Baldwin's opening brief, the word "insurrection" does not impute criminal conduct because dictionary definitions and common usage of that word refer to matters not chargeable as a crime. *See, e.g.*, *Krepps v. Reiner*, 588 F. Supp. 2d 471, 484 (S.D.N.Y. 2008), *aff'd*, 377 F. App'x 65 (2d Cir. 2010) ("Allegedly defamatory statements should be construed not with the close precision expected from lawyers and judges but

---

[2] Plaintiffs also say they allege the "publication would tend to injure them in their trades, businesses, and professions." (Opp. ¶ 14 (citing Compl. ¶ 91).) But this assertion, limited to a single conclusory sentence, merely states a category of defamation per se and is exactly the type of "formulaic recitation of the elements" that "will not do." *Twombly*, 550 U.S. at 555.

[3] Despite Plaintiffs' misstatements, as demonstrated by the exhibits Plaintiffs incorporated in the complaint, the private exchange between Baldwin and Roice was not made public, and Baldwin did not "literally list the crimes he alleges" to followers. (Opp. ¶ 10; *see also* section I.A, *supra*.)

as they would be read and understood by the public to which they are addressed.").

Baldwin's statements about the events of January 6, expressed in identical terms by virtually every major news organization in America, constitute protected opinion.[4] Finding otherwise would be inconsistent with decades of New York and Second Circuit law, as well as fundamental First Amendment principles. Courts have repeatedly dismissed substantially similar defamation cases on exactly these grounds. *See, e.g.*, *Privitera v. Phelps*, 79 A.D.2d 1, 4 (4th Dep't 1981) (accusations of being part of the Mafia did not rise to an indictable offense); *Gurtler v. Union Parts Mfg. Co.*, 285 A.D. 643, 644 (1st Dep't 1955) (charge that plaintiff was a Communist did not reasonably give rise to inference that plaintiff violated the Smith Act); *Silverman v. Daily News, L.P.*, 129 A.D.3d 1054 (2d Dep't 2015) (newspaper article questioning whether principal who had allegedly authored "racist writings" and had ties to "white supremacist group" should be in charge of a diverse school was not actionable as libel); *Blair v. Inside Ed. Prods.*, 7 F. Supp. 3d 348, 357 (S.D.N.Y. 2014) (finding statements on whether plaintiff was a "squatter" to be "related to a matter of political, social, or other concern to the community" and "a subject of legitimate" "general interest and of value and concern to the public"); *Ratajack v. Brewster Fire Dep't, Inc. of the Brewster-Se. Joint Fire Dist.*, 178 F. Supp. 3d 118, 166 (S.D.N.Y. 2016) ("articulated concerns that Plaintiff was a racist or a future threat to others—is nonactionable

---

[4] Plaintiffs claim that "[t]he fact that virtually every news organization in America expressed . . . an identical sentiment" is "not relevant" on this motion. (Opp. ¶ 10.) Nonsense. Of course the use of the term "insurrection" in context and as used by ordinary speakers of the English language is relevant, and the Court may consider articles and media publications on a motion to dismiss. *See, e.g.*, *In re Merrill Lynch & Co.*, 289 F.Supp.2d at 425 n. 15. Further, if the allegations in the complaint are contradicted by judicially noticable materials (Opp. ¶ 10), those materials control. *See, e.g.*, *In re Bristol-Myers Squibb Sec. Litig.*, 312 F. Supp. 2d 549, 570 (S.D.N.Y. 2004) ("The court need not accept as true an allegation that is contradicted by documents on which the complaint relies"); *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir.1995) ("[T]he Complaint's attenuated allegations of control are contradicted . . . by facts of which we may take judicial notice.").

5

opinion"); *Finkelstein v. Wachtel*, 2003 WL 1918309, at *6 (S.D.N.Y. Apr. 21, 2003) (a consultant's statements that a failing company's CEO was a "crook" who ran a "very dirty business" were viewed as loose, figurative, or hyperbolic, and were thus not actionable).

      **C.**      **Plaintiffs Concede They Do Not Plead Defamation With Special Damages**

A defamation claim must allege special damages unless it is for defamation per se. *Krzesaj v. Henry*, 2017 U.S. Dist. LEXIS 37543, at *39-40 (S.D.N.Y. Mar. 15, 2017) (Ramos, J.). Plaintiffs have not pled defamation per se or alleged special damages.

Because Plaintiffs fail to state a claim for defamation per se (as discussed above), their claim must be considered an assertion of defamation with special damages, which "must flow directly from the injury to reputation caused by the defamation" and "must be fully and accurately stated, with sufficient particularity to identify actual losses." *Id.* But Plaintiffs concede that they do not plead any economic harm in their complaint (Am. Compl. ¶¶ 43, 53, 56, 58, 61, 70, 73, 78, 101, 104, 106, 109), and by failing to address Baldwin's arguments (Mot. at 13-14), as well as by asserting that Roice does not plead special damages because she alleges that she has pled defamation per se and thus her claims are "actionable without proof of special damages" (Opp. ¶¶ 5, 31-34).[5] *See, e.g.*, *W. Bulk Carriers KS v. Centauri Shipping Ltd.*, 2013 WL 1385212, at *3 (S.D.N.Y. Mar. 11, 2013) (plaintiff conceded issue by failing to address it in opposition brief). Moreover, Plaintiffs' conclusory claims of emotional and reputational injury (Opp. ¶ 32) do not satisfy the "strict and measurable loss" standard. *Thai v. Cayre Grp., Ltd.*, 726 F. Supp. 2d 323, 330 (S.D.N.Y. 2010) ("The particularity requirement is strictly applied, as courts will dismiss defamation claims for failure to allege special damages with the requisite degree of specificity.")

---

[5] Plaintiffs' cursory discussion of Rule 9(g) (Opp. ¶¶ 31-34), where they cite only Wyoming and Kansas law, does not cure their failure to plead special damages. Rule 9(g) requires special damages to be "specifically stated" in the complaint. Plaintiffs have pled no special damages.

6

(quotation omitted).

### D. Plaintiffs Do Not Plead Defamation by Implication

Plaintiffs argue that they have pled a claim for defamation by implication because the defamatory "sting" resulted from the publication of Baldwin's opinion and the implication therein. (Opp. ¶¶ 20-21.) They are wrong. Roice herself admits that she was present at the Capitol on January 6. (Am. Compl. ¶¶ 18-22.) The alleged harm flowed from that undisputed truth, not from Baldwin's protected opinion of it.

While "statements themselves may be literally true yet still actionable as defamatory by implication," "the implication or innuendo from those statements must be false in order to be defamatory." *Henry v. Fox News Network LLC*, 2022 WL 4356730, at *8 (S.D.N.Y. Sept. 20, 2022) (statements claiming plaintiff engaged in willful sexual misconduct were not defamatory because plaintiff failed to allege they are false). That is so regardless of how severe Plaintiffs claim the result to be.[6] (Opp. ¶ 6, 25.)

Plaintiffs cannot assert a defamation claim in these circumstances because "[i]t is axiomatic that truth is an absolute, unqualified defense to a civil defamation action . . . and that substantial truth is all that is required." *Nyitray v. Johnson*, 1998 WL 67651, at *10 (S.D.N.Y. Feb. 19, 1998) (internal quotation omitted). The defamatory sting of the publication at issue is from Roice's own photograph and celebration of January 6, facts that Plaintiffs readily admit are true. Further, Baldwin's statements constitute protected political opinion for the reasons explained in the opening brief and this reply, and therefore are not actionable under this theory of defamation.

---

[6] Plaintiffs do not plead that Baldwin intended or endorsed the alleged implication that Plaintiffs are "traitors, racists, Nazis, or white supremacists." (Opp. ¶ 6.) As the exhibits attached to the Complaint show, Baldwin never made any such comments and expressly condemned derogatory comments made by third parties. (Am. Compl., Ex. A at 3-5, 8.)

### E. Plaintiffs' Defamation Claims Fail for Several Other Independent Reasons

Plaintiffs' other arguments are similarly flawed. Plaintiffs say they are not limited public figures. (Opp. ¶ 20.) But Plaintiffs are incorrect (*see* Mot. at 16-17) and must plead actual malice. *See, e.g.*, *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). They haven't done so: merely stating the words "actual malice" (Am. Compl. ¶ 81) does not pass muster under *Twombly* and is inconsistent with Plaintiffs' allegation that Baldwin "believes that every person present at the Capitol demonstration on January 6, 2021, is an unrepentant rioter[.]" (Am. Compl. ¶ 110.)

Plaintiffs' new argument that Baldwin acted with actual malice because he "knew his publication was false and intended the harm he caused" is also off base. (Opp. ¶ 18.) Most notably, it departs from Plaintiffs' allegations—namely, that Baldwin acted with actual malice "because he knew, or should have known, that [his actions] would result in an avalanche of violently negative attacks on Plaintiffs." (Am. Compl. ¶ 86.) It is black-letter law that "when opposing a motion to dismiss, a party may not amend his complaint through new allegations made in his briefs." *Perez v. Int'l Bhd. of Teamsters, AFL-CIO*, 2002 WL 31027580, at *4 (S.D.N.Y. Sept. 11, 2002).

Finally, while Plaintiffs tout the importance of context, they fail to engage with—and hence concede, *see, e.g.*, *Centauri Shipping Ltd.*, 2013 WL 1385212, at *3—Baldwin's argument that average social media users expect a level of hyperbole and do not construe Instagram posts as strictly true, which further undermines their claims. (Opp. ¶ 11.) *See, e.g.*, *Brian*, 87 NY2d at 52 (typical Facebook users understand posts as "vigorous expressions of personal opinion"); *Konig v WordPress.com*, 112 A.D.3d 936, 937 (2d Dep't 2013) (no reasonable reader of "an Internet blog" "would have believed that the generalized reference to 'downright criminal actions'" was factual).

### III. PLAINTIFFS FAIL TO STATE CLAIMS FOR NEGLIGENCE AND GROSS NEGLIGENCE

Plaintiffs' negligence claims suffer from several independent legal defects. Plaintiffs' purported injury is an alleged "social media onslaught" by third parties (Opp. ¶ 25), but the law

8

imposes "no duty to protect from emotional injury a bystander to whom there is otherwise owed no duty." *Kennedy v. McKesson Co.*, 58 N.Y.2d 500, 506 (1983). Further, Baldwin never assumed a duty, and the cases Plaintiffs cite are inapplicable because Baldwin is not a government entity on which Plaintiffs reasonably relied.[7] (Opp. ¶ 24.)

Plaintiffs also provide no support whatsoever that Baldwin's comment can be considered the proximate cause of the purported third-party "hatred and bile." (Opp. ¶¶ 25-26.) Instead, they claim Baldwin injured them by "giving his followers implicit instructions to shame and attack Plaintiffs." (Opp. ¶ 24.) But, as Exhibit A to the complaint shows, Baldwin gave no such direction, and he publicly expressed disagreement with comments Plaintiffs received. (Am. Compl., Ex. A at 3-5, 8.) Finally, merely stating Baldwin's "conduct is extreme when compared to ordinary negligence standards" (Opp. ¶ 26; Am. Compl. ¶ 50), without any factual support, does not allege gross negligence, which is not an independent cause of action in any event. *See, e.g.*, *Hengjun Chao v. Mount Sinai Hosp.*, 476 F. App'x 892, 895 (2d Cir. 2012).

### IV. PLAINTIFFS FAIL TO STATE CLAIMS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The standard for pleading intentional infliction of emotional distress has been "set deliberately high to ensure that a plaintiff's claim of emotional distress is genuine and to dissuade litigation where only bad manners and hurt feelings are involved." *Thai*, 726 F.Supp. 2d at 336-37. Plaintiffs fail to meet this high standard.

Plaintiffs do not allege the level of "extreme and outrageous conduct" required by New York law. *Green v. Hinds*, 2019 WL 624929, at *6 (E.D.N.Y. Feb. 14, 2019). Rather, Plaintiffs once again conflate Baldwin's actions with those of third parties by arguing that Baldwin's "most

---

[7] *See Anson v. United States*, 294 F. Supp. 3d 144 (W.D.N.Y. 2018); *Kloner v. United States*, 196 F. Supp. 3d 375 (E.D.N.Y. 2016); *Bryant v. State*, 23 A.D.3d 592 (2d Dep't 2005); *Heard v. City of New York*, 82 N.Y.2d 66 (1993).

rabid followers [] attack[ed] a grieving family." (Opp. ¶ 29.) But it is Baldwin's conduct that Plaintiffs must allege as extreme. *Id.* Plaintiffs also attempt to avoid the conclusion that their claims fall within the ambit of defamation by making conclusory statements about Baldwin's "multiple" "bad acts" toward Roice. *See, e.g., Anyanwu v. Columbia Broad. Sys., Inc.*, 887 F. Supp. 690, 693 (S.D.N.Y. 1995) (dismissing intentional infliction claim because a separate cause of action "for what are essentially defamation claims" should not be entertained). But this is another improper attempt to amend Plaintiffs' deficient complaint through briefing. *See, e.g., Perez*, 2002 WL 31027580, at *4. Finally, Plaintiffs have not disputed Baldwin's arguments that *all* of their tort claims must be dismissed because his comments are protected by the First Amendment (Mot. at 20-22), again conceding the issue. *See, e.g., Snyder v. Phelps*, 562 U.S. 443, 451 (2011) (the First Amendment "serve[s] as a defense in state tort suits"); *Chinese Americans C.R. Coal., Inc. v. Trump*, 2022 WL 1443387, at *6 (S.D.N.Y. May 6, 2022) (imposing tort liability for the alleged statements would violate the First Amendment).

## V. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

"[I]t is well-settled that a complaint should be dismissed with prejudice where the plaintiff is unable to adequately allege facts sufficient to support his or her claims." *Carroll ex rel Pfizer, Inc. v. McKinnell*, 859 N.Y.S.2d 901 (N.Y. Sup. Ct. 2008). Plaintiffs have already been given the opportunity to amend their complaint, but they have failed to cure its defects. Further, because every possible basis for Plaintiffs' claims is already before the Court, as incorporated through the Instagram feed attached to their complaint, allowing Plaintiffs to amend yet again would be futile. Significantly, Plaintiffs did not dispute this argument either, and have therefore conceded it. *See, e.g., Centauri Shipping Ltd.*, 2013 WL 1385212, at *3.

## CONCLUSION

The Court should dismiss the complaint in its entirety, with prejudice.

| | |
|---|---|
| Dated:  January 4, 2023 | Respectfully submitted, |

                                                                                                                                QUINN EMANUEL URQUHART & SULLIVAN, LLP

BY:  */s/ Luke Nikas*
      Luke Nikas
      51 Madison Avenue, 22nd Floor
      New York, NY 10010
      (212) 849-7000
      lukenikas@quinnemanuel.com

      *Attorneys for Defendant Alec Baldwin*